IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSSELL OXSEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-23-56-R |
| | ) | |
| PHILADELPHIA AMERICAN LIFE | ) | |
| INSURANCE, a foreign corporation; and | ) | |
| RACHEL MIGL, | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff filed this action in the District Court of Oklahoma County. Pursuant to 28 U.S.C. § 1441(a), Defendant Migl removed the action, citing 28 U.S.C. § 1332(a)(1). (Doc. No. 1). This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 5). Therein Plaintiff asserts that the Court lacks subject matter jurisdiction over this case because Defendant Migl, like Plaintiff, is domiciled in Oklahoma and therefore diversity is lacking. In response, Defendant Migl argues she was fraudulently joined, and therefore her citizenship should be disregarded for purposes of assessing jurisdiction. (Doc. No. 13). Plaintiff filed a Reply in support of his position. (Doc. No. 15). Upon consideration of the parties' submissions, the Court finds as follows

The doctrine of fraudulent joinder permits a federal court assessing subject-matter jurisdiction to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). As the party seeking to invoke the Court's jurisdiction,

Defendant Migl bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)(internal quotation marks and citation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998).[1] Defendant relies on the second prong of the fraudulent joinder analysis arguing that Plaintiff cannot establish a cause of action against her, the agent who sold a health insurance plan.

Plaintiff alleges that he contacted Defendant Migl to inquire about health insurance coverage, hoping to replace his marketplace Blue Cross Blue Shield plan with something comparable but less expensive. He was intending to match the coverage provided by his comprehensive major medical plan. Plaintiff contends that Defendant Migl recommended he stay in the private market and offered her "favorite plan" as an option. Plaintiff

---

[1] Plaintiff argues it was improper for Defendant Migl to remove this case because she is a forum Defendant.

> The Tenth Circuit has not expressly held that the fraudulent joinder doctrine creates an exception to the forum-defendant rule, but it has strongly suggested its application in dicta. *See Brazell*, 525 F. App'x at 884 (stating that although neither party in the case specifically urged the application of the fraudulent joinder rule to prevent removal, the court had "serious doubt" that a fraudulently joined party could be considered a party "in interest properly joined" under § 1441(b)(2)).

*Osburn v. Ardmore Suzuki, Inc.*, No. 21-CV-234-JWB, 2023 WL 1927991, at *5 (E.D. Okla. Feb. 10, 2023). Accordingly, if Defendant Migl is correct that she was fraudulently joined she would be dismissed without prejudice for lack of subject matter jurisdiction, but her removal would not be otherwise improper. The Court notes that removal by the defendant allegedly fraudulently joined is unusual but the Court's research reveals no law precluding such removal.

complains, however, that the coverage obtained on his behalf was not a single plan but rather an amalgamation of coverage and further that when he subsequently needed emergency surgery, only a fraction of the bills were paid by Defendant Pennsylvania American Life Insurance Company. Plaintiff contends that the coverage provided to him by Migl was a primary plan and three supplemental policies, not the comprehensive plan she knew he desired. Additionally, Plaintiff alleges that Defendant Migl encouraged him not to read the brochures she provided which would have given him insight into the deficits in her suggestion. Plaintiff seeks to recover on claims for breach of contract, negligent failure to procure insurance, and fraud.

The Court finds that Defendant Migl has failed to establish that she was fraudulently joined. Plaintiff alleges that he requested comprehensive medical coverage on par with his Blue Cross Blue Shield insurance and that in return Defendant Migl obtained an indemnity policy that either alone or in conjunction with the supplements purchased did not fulfill his request. Defendant Migl has failed to show Plaintiff's inability to establish a cause of action against her based on these factual allegations.

Under Oklahoma law, an insurance agent may be liable under either contract or tort theories for failure to obtain insurance. *Swickey v. Silvey Companies*, 979 P.2d 266, 268–69 (Okla. Civ. App. 1999). Under contract law, the theory of liability is often premised on the failure to obtain insurance at all, "but may also consist of failure to obtain insurance as requested." *Id.* This includes failing to obtain insurance of a certain breadth after agreeing to do so. *Id.* Plaintiff has sufficiently alleged facts with regard to Defendant Migl such that the Court cannot state conclusively that he could not prevail against her.

Furthermore, as noted, Oklahoma recognizes a negligent failure to procure insurance.

> An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Dewees v. Cedarbaum, supra*; *A–OK Construction, supra*; *see also Coble v. Bowers,* 1990 OK CIV APP 109, ¶ 12, 809 P.2d 69, 74, *cert. denied* (Brightmire, C.J., concurring in part, dissenting in part).

*Swickey*, , 979 P.2d at 269. "This duty rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). Here Plaintiff has alleged facts in support of such a claim and Defendant Migl cannot establish that he has no potential for recovery against her. Thus, she has failed to meet her burden and the case must be remanded for lack of jurisdiction.

For the reasons set forth herein, Plaintiff's Motion to Remand is GRANTED.

**IT IS SO ORDERED** this 7th day of April 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE